# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JESSE T. BRIGGS,

    Plaintiff,

v.

YMCA OF SNOHOMISH COUNTY, *et al.*,

    Defendants.

CASE NO. C08-1326 RSM

ORDER DENYING PLAINTIFF'S MOTIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. #6), and several motions for various forms of relief brought by Plaintiff. (Dkts. #10, #16, and #17). Defendants argue that Plaintiff's claims should be dismissed because Plaintiff lacks standing, and because Plaintiff failed to properly serve Defendants pursuant to FRCP 4(m). Plaintiff, appearing *pro se*, argues that Defendants misconstrue several aspects of his claim. Plaintiff also filed the above-referenced motions after Defendants filed their motion for summary judgment.

For the reasons set forth below, the Court DENIES all of Plaintiff's motions, and GRANTS Defendants' motion.

## II. DISCUSSION

### A. Background

The instant lawsuit arises out of a series of events that occurred in August of 2008. Plaintiff Jesse T. Briggs claims that Defendant YMCA of Snohomish County ("YMCA") and

ORDER
PAGE - 1

several YMCA employees, who are also named Defendants in this lawsuit, refused to allow his brother Andy Briggs's dog entrance into a YMCA facility.  Plaintiff contends Defendants' denial was inappropriate because he claims that his brother had a doctor's note that stated that "Andrew would benefit greatly by the accompaniment of a service dog.  His anxiety is reduced when he is with [his] dog." (Dkt. #12, Ex. B).

YMCA responds that Plaintiff never provided YMCA with the requisite information to justify use of the dog in the YMCA facility.  While Defendants do not refute the existence of the doctor's note, the YMCA indicates that they needed to determine whether Plaintiff's brother's dog, a pit bull puppy, was a legitimate service dog.  YMCA claims that Ted Wenta, YMCA's Area Association and Marketing Vice President, met with Plaintiff to inform him that he needed additional information before he could allow Plaintiff's brother to work out with his dog.  Rather than providing Mr. Wenta with the requested information, Plaintiff told Mr. Wenta "that he was going to take the YMCA to court." (Dkt. #8, Decl. of Wenta, ¶ 4).

As a result, Plaintiff initiated the instant civil rights complaint under 42 U.S.C. § 1983 on September 10, 2008.  While Plaintiff's complaint is unclear, it appears that Plaintiff is asserting a claim under the Americans with Disabilities Act ("ADA").  Plaintiff also appears to argue that the Washington state law on service animals is discriminatory.

Defendants subsequently brought the instant motion for summary judgment. Defendants first argue that Plaintiff lacks standing to bring a claim under the ADA on behalf of his allegedly disabled brother.  Defendants also contend that Plaintiff failed to properly serve a summons and complaint upon Defendants within 120 days after he filed his complaint as required by FRCP 4(m).

Plaintiff filed numerous motions with the Court after Defendants filed their motion for summary judgment.  These motions include a motion to appoint a guardian ad litem and neutral lawyer to his case (Dkt. #10), a motion for injunctive relief (Dkt. #16), and a second motion for a guardian ad litem. (Dkt. #17).  The Court now addresses the substance of the parties' arguments.

**B. Motion to Appoint a Guardian Ad Litem and Lawyer**

As a preliminary matter, the Court addresses Plaintiff's request to appoint a guardian ad litem and request for counsel. (Dkts. #10 and #17). Pursuant to FRCP 17(c), a minor or incompetent person may be appointed with a guardian ad litem by a court to assist the person in a court proceeding. *See* FRCP 17(c)(2). Because there is no dispute that Plaintiff is not a minor, he must show he is incompetent in order to obtain a guardian ad litem. Under this inquiry, a court will deem a party incompetent "if it should appear during the course of proceedings that a party may be suffering from a condition that materially affects his ability to represent himself (if pro se)" or fails to otherwise "understand the nature of the proceedings." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). The party should show some credible or official documentation that he is incompetent. *See id.*

Here, Plaintiff makes naked allegations that he suffers from anxiety when entering public areas, especially when in stressful situations. Plaintiff also claims that he has a medical history of panic and incapacitation due to his alleged disability. However, Plaintiff offers no evidence in support thereof. Without such proof, the Court has no way of determining if Plaintiff is incompetent. Plaintiff's request is therefore denied.

Furthermore, in civil cases, a *pro se* litigant's right to counsel "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Courts should also consider the litigant's prior efforts to secure counsel. *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

In this case, there are no exceptional circumstances that exist which would warrant an appointment of counsel. Plaintiff's claims are not overly complex, as they stem from the simple allegation that YMCA has refused Plaintiff's brother's dog entry into a YMCA facility. Plaintiff also fails to otherwise explain why appointment of counsel would lead to a

more just determination. In addition, Plaintiff has not shown that he made reasonable attempts to retain an attorney. Under such circumstances, the Court denies Plaintiff's request for appointment of counsel.

### C. Proper Service

FRCP 4(m) provides in pertinent part that:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must dismiss the action without prejudice against the defendant* or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* (emphasis added).

Courts determine what constitutes "good cause" for failure to timely serve a complaint on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In order for a plaintiff to specifically show "good cause," he or she generally must demonstrate that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citation omitted). Courts should also be "more solicitous of the rights of *pro se* litigants, particularly when *technical jurisdictional requirements* are involved." *Id.*, n.2. (emphasis added).

Here, Plaintiff acknowledges that he failed to properly serve Defendants within the 120 day window provided by the Federal Rules. (*See* Dkt. #11 at 1) ("Plaintiff failed to serve Defendants properly as Plaintiff now understands it."). Specifically, it appears that Plaintiff attempted to serve Defendants personally in violation of FRCP 4(c)(2), and he did not deliver a copy of the complaint with his summons pursuant to FRCP 4(c)(1). Nevertheless, Plaintiff seeks relief from the Court, claiming that he "was not functioning due to disability" during the 120 day period. (*Id.* at 7). Plaintiff also contends that a dismissal without prejudice would serve no purpose as he will simply refile his complaint and follow the Court's rules on service in the subsequent case.

The Court agrees that dismissal pursuant to FRCP 4(m) would be inefficient. Both parties will only waste time, resources and energy should this Court dismiss the case without prejudice. The Court has every reason to believe that Plaintiff will refile his complaint, leaving the parties to file identical motions in the future, and requiring another judge to adjudicate those motions on the merits. In addition, although Plaintiff did not properly serve Defendants, they were on notice that a lawsuit was filed once Plaintiff personally provided Defendants with a summons. Combined with the fundamental maxim that courts should be sensitive to *pro se* litigants, the Court finds dismissal without prejudice inappropriate.

**D. Standing**

In every federal case, the threshold question is whether the plaintiff has a "case or controversy between himself and the defendant." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To determine whether a plaintiff has such a case, courts must analyze whether a plaintiff has standing to bring a claim. *See id.* ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). The "irreducible constitutional minimum of standing" has three requirements: injury-in-fact; causation; and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). It is a well-recognized that to meet the injury-in-fact requirement, "the party seeking review [must] be himself among the injured." *Id.* (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-735 (1972)).

Here, and to the extent that Plaintiff is bringing a claim on behalf of his brother and his brother's right to bring a dog into the YMCA, it is clear that Plaintiff has no standing to bring such a claim. Plaintiff is not the allegedly disabled individual for whom the dog was prescribed. Instead, and as mentioned above, it is evident that Plaintiff himself acknowledges that a dog was needed for his brother's alleged disabilities. Therefore no standing exists.

Nevertheless, Plaintiff contends for the first time in his response that his case "is not about Andy Briggs nor his service animal; it is about the Plaintiff's right to enter the YMCA." (Dkt. #11 at 2). Plaintiff specifically claims that he has standing to bring a public

accommodation claim because he "is a diagnosed agoraphobic and requires companionship to enter public places most times." (*Id*. at 2). The Court is not persuaded.

Title III of ADA provides that "no individual shall be discriminated against on the basis of disability." 42 U.S.C. § 12182. Specifically, no disabled individual may be denied the "full and equal enjoyment . . . of any place of public accommodation." *Id*. To bring an ADA claim, a plaintiff has standing if he is a qualified individual with a disability. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). In relevant part, the ADA defines a disability, with respect to an individual, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102.

Courts considering whether agoraphobia and panic or anxiety disorders may qualify as disabilities under the ADA have found in the negative. *See Reeves v. Johnson Controls World Services, Inc.*, 140 F.3d 144, 150 (2d Cir. 1998); *Zirpel v. Toshiba America Info. Sys., Inc.*, 111 F.3d 80, 81 (8th Cir. 1997). In both cases, the court recognized that the plaintiff suffered from a potential impairment. However, both courts found that neither plaintiff could show that their alleged disability substantially limited any of their major life activities.

The reasoning in both cases applies here. While Plaintiff claims he is a diagnosed agoraphobic, Plaintiff's alleged disability is uncertain because he has not provided any evidence or medical records to support this claim. Without such evidence, there is no way for the Court to determine whether these alleged anxiety disabilities substantially limit any major life activities. In addition, the fact that he only mentions this affliction in rebuttal to Defendants' argument that Plaintiff lacks standing to bring an ADA claim is cause for suspicion. Indeed, "[a] plaintiff's statements may not be merely self-serving . . . and they must contain sufficient detail to convey the existence of an impairment." *Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1059 (9th Cir. 2005).

Plaintiff's claim is further weakened by his argument that he is simply being denied access to enter a public space without his "support," which includes his brother and his brother's dog. The public space in this particular case is the gym at the YMCA. Plaintiff therefore seems to argue that he is being denied an opportunity to exercise. However, several

courts have held that exercise is not a major life activity under the ADA. *See Weber v. Strippit, Inc.*, 186 F.3d 907, 914 (8th Cir. 1999) (noting that exercise such as gardening, playing tennis, fishing, and hiking are not major life activities); *Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 643 (2d Cir. 1998) (finding that exercising falls outside the range of major life activities); *Pedroza v. Autozone, Inc.*, 536 F.Supp.2d 679, 697 (W.D. Tex. 2008) (holding that "exercising does not represent a major life activity" under the ADA); *Stoltman v. Federal Exp. Corp.*, 2002 WL 32783976, at *5 (D. Or. 2002) ("[T]he court finds that strenuous exercise is not a major life activity[.]").

As a result, the Court concludes that Plaintiff cannot make a claim under the ADA as a result of his own alleged disabilities. Plaintiff's agoraphobia does not substantially limit any major life activities given the facts of this case.

**E. Injunctive Relief**

Plaintiff also requests that the Court require YMCA to immediately open its doors to Plaintiff. (Dkt. #16). Notwithstanding the fact that it appears that YMCA has only precluded Plaintiff's brother from entering the YMCA with his dog, a party seeking injunctive relief must demonstrate either "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (citation omitted). Because the Court finds in favor of Defendants, Plaintiff cannot show a likelihood of success on the merits. Accordingly, Plaintiff is not entitled to injunctive relief.

## **III. CONCLUSION**

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Appoint Guardian ad Litem and Neutral Lawyer (Dkt. #10), Plaintiff's Motion for Guardian Ad Litem (Dkt. #17), and Plaintiff's Motion for Injunctive Relief (Dkt. #16) are DENIED.

1   (2) Defendants' Motion for Summary Judgment (Dkt. #6) is GRANTED. Plaintiff's
2       claims are DISMISSED and the case is now CLOSED.
3   (3) The Clerk is directed to forward a copy of this Order to all counsel of record and to
4       *pro se* Plaintiff at the following address:  <u>5429 1st Drive West, Everett, WA 98203</u>.

DATED this 14th day of May, 2009.

                                  *[signature]*

                              RICARDO S. MARTINEZ
                              UNITED STATES DISTRICT JUDGE